IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.                                                    18-CR-78-A

KEVIN MYSZKA,

          Defendant.

---



## PLEA AGREEMENT

The defendant, KEVIN MYSZKA, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and plead guilty to a one-count Information which charges a violation of Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute, and distribution of, cocaine), for which the maximum possible sentence is a term of imprisonment of 20 years, a fine of $1,000,000, a mandatory $100 special assessment, and a term of supervised release of at least 3 years and up to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.     The defendant understands that the Court may enter an order of community restitution in an amount not to exceed any fine imposed pursuant to Title 18, United States Code, Section 3663(c) and Sentencing Guidelines § 5E1.1(d) up to $1,000,000.

3.     The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.     ELEMENTS AND FACTUAL BASIS

4.     The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a.     that the defendant possessed a controlled substance, namely, cocaine, a Schedule II controlled substance;

   b.     that the defendant knew that he possessed the controlled substance, and;

   c.     that the defendant intended to distribute, or distributed, the controlled substance.

## FACTUAL BASIS

5.     The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a. Between on or about November 3, 2016, and continuing until on or about January 19, 2017, in the Western District of New York, the defendant, KEVIN MYSZKA, possessed with intent to distribute, and distributed, cocaine, a Schedule II controlled substance.

b. On November 3, 2016, Drug Enforcement Administration ("DEA") Task Force Officers ("TFOs") conducted a controlled purchase of cocaine from the defendant at his residence, which is located at 433 North Rockingham Way, Amherst, New York, by utilizing a confidential informant ("CI"). Specifically, on that date, the CI made arrangements with the defendant via telephone to purchase an amount of cocaine from the defendant. After the CI arrived by vehicle at the vicinity of the defendant's residence, the CI exited his vehicle and entered the defendant's residence. While inside the residence, the defendant sold the CI an amount of cocaine in exchange for $3,200.00 in United States currency. The DEA Northeast Regional Laboratory determined that the substance sold by the defendant contained approximately 53.4 grams cocaine, a Schedule II controlled substance.

c. On December 1, 2016, DEA TFOs conducted a controlled purchase of cocaine from the defendant by utilizing the CI. On that date, the CI made arrangements with the defendant via telephone to purchase an amount of cocaine from the defendant at a neutral location. After the CI arrived by vehicle at the neutral location, the defendant entered the CI's vehicle and sold the CI an amount of cocaine in exchange for $3,200.00 in United States currency. The DEA Northeast Regional Laboratory determined that the substance sold by the defendant contained approximately 55.3 grams of cocaine.

d. On January 19, 2017, DEA TFOs executed a search warrant at the defendant's residence, which is located at 433 North Rockingham Way, Amherst, New York. At that time, law enforcement recovered a digital scale and an amount of cocaine in the defendant's kitchen. The DEA Northeast Regional Laboratory determined that the substance possessed by the defendant contained approximately 21.2 grams of cocaine. The defendant agrees that he used his residence to store and prepare cocaine for distribution and to distribute cocaine to others as he did on November 3, 2016, as referenced above.

e. On that date, law enforcement also recovered, in the defendant's residence's kitchen, the following: a Hi-Point, model 995, 9mm semi-automatic rifle bearing serial number E38407; a magazine containing ten rounds of Tula Cartridge Works 9mm ammunition; a magazine containing seven rounds of Tula Cartridge Works 9mm ammunition, and; a magazine containing 30 rounds of Tula Cartridge Works 9mm ammunition.

    f.      The equivalent of approximately at least 129.9 grams but less than 200 grams of cocaine is the amount involved in the defendant's relevant conduct encompassed in the Information which could be readily proven by the government against the defendant.

### III.    SENTENCING GUIDELINES

6.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

7.    The government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(12) apply to the offense of conviction and provide for a base offense level of **16**.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

8.    The government and the defendant agree that the following specific offense characteristic does apply:

    a.    the two-level increase pursuant to Guidelines § 2D1.1(b)(1) (possession of a dangerous weapon).

9.    The government maintains that the following specific offense characteristic does apply:

    a.    the two-level increase pursuant to Guidelines § 2D1.1(b)(12) (maintaining premises to manufacture or distribute a controlled substance).

The defendant specifically reserves his right at the time of sentencing to argue to the Court that this increase does not apply.

## ADJUSTED OFFENSE LEVEL

10. Based on the foregoing, it is the understanding of the government that the adjusted offense level for the offense of conviction is **20**. The defendant maintains that the adjusted offense level is **18**.

## ACCEPTANCE OF RESPONSIBILITY

11. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees, if applicable, to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **17**, if the government's calculations apply, and a total offense level of **15**, if the defendant's calculations apply.

## CRIMINAL HISTORY CATEGORY

12. The parties have reviewed the defendant's criminal history. It is the government's position that the defendant's criminal history category is **II**. The defendant, however, believes that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

13. It is the understanding of the government and the defendant that:

5

a.  if the defendant is a criminal history category of **II** and the Court applies the enhancement for maintaining premises to manufacture or distribute a controlled substance, pursuant to Guidelines § 2D1.1(b)(12), and therefore determines the total offense level to be **17**, the defendant's sentencing range would be a term of imprisonment of **27** to **33** months, a fine of **$10,000** to **$1,000,000**, and a period of supervised release of **3** years.

b.  if the defendant is a criminal history category of **II** and the Court does not apply the enhancement for maintaining premises to manufacture or distribute a controlled substance and therefore determines the total offense level to be **15**, the defendant's sentencing range would be a term of imprisonment of **21** to **27** months, a fine of **$7,500** to **$1,000,000**, and a period of supervised release of **3** years.

c.  if the defendant is a criminal history category of **I** and the Court applies the enhancement for maintaining premises to manufacture or distribute a controlled substance, pursuant to Guidelines § 2D1.1(b)(12), and therefore determines the total offense level to be **17**, the defendant's sentencing range would be a term of imprisonment of **24** to **30** months, a fine of **$10,000** to **$1,000,000**, and a period of supervised release of **3** years.

d.  if the defendant is a criminal history category of **I** and the Court does not apply the enhancement for maintaining premise to manufacture or distribute a controlled substance and therefore determines the offense level to be **15**, the defendant's sentencing range would be a term of imprisonment of **18** to **24** months, a fine of **$7,500** to **$1,000,000**, and a period of supervised release of **3** years.

e.  Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

14. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

15. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.   STATUTE OF LIMITATIONS

16. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

17. The defendant understands that the government has reserved the right to:

    a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

    b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

    c. advocate for a specific sentence consistent with the terms of this agreement; and

    d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

18. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

19. At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate No. 17-MJ-5112.

## VI. APPEAL RIGHTS

20. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in either Section III, ¶ 13(a), above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

21. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in either Section III, ¶ 13(d), above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.   FORFEITURE PROVISION
## FIREARMS AND AMMUNITION FORFEITURE

23.   The defendant acknowledges that the defendant was the owner and/or exercised dominion and control of the firearm and ammunition described below and agrees to the immediate entry of a <u>Preliminary Order of Forfeiture</u> pursuant to Title 18, United States Code, Sections 924(d), 3665 and Title 28, United States Code, Section 2461(c) against the following property:

   a.   a Hi-Point, model 995, 9mm semi-automatic rifle bearing serial number E38407, seized on or about January 19, 2017, at 433 North Rockingham Way, Amherst, New York;

   b.   a magazine containing ten rounds of Tula Cartridge Works 9mm ammunition, seized on or about January 19, 2017, at 433 North Rockingham Way, Amherst, New York;

   c.   a magazine containing seven rounds of Tula Cartridge Works 9mm ammunition, seized on or about January 19, 2017, at 433 North Rockingham Way, Amherst, New York, and;

   d.   a magazine containing 30 rounds of Tula Cartridge Works 9mm ammunition, seized on or about January 19, 2017, at 433 North Rockingham Way, Amherst, New York.

24.   After the acceptance of the defendant's guilty pleas, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the items listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

25. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty pleas are accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

26. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States. The defendant further agrees to the destruction of the above referenced property.

## VIII.   TOTAL AGREEMENT AND AFFIRMATIONS

27.   This plea agreement represents the total agreement between the defendant, KEVIN MYSZKA, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _____
BRENDAN T. CULLINANE
Assistant United States Attorney

Dated: June 18, 2018


I have read this agreement, which consists of 12 pages. I have had a full opportunity to discuss this agreement with my attorney, Terrence M. Connors, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____          _____
KEVIN MYSZKA                                             TERRENCE M. CONNORS, ESQ.
Defendant                                                       Attorney for the Defendant

Dated: June ____, 2018                                 Dated: June ____, 2018